SUPREME JUDICIAL COURT 
 
 NATNAEL ZEMENE vs. COMMONWEALTH

 
 Docket:
 SJC-13592
 
 
 Dates:
 January 6, 2025. - March 25, 2025
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Dewar, & Wolohojian, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Firearms. Constitutional Law, Right to bear arms, Double jeopardy. Practice, Criminal, Double jeopardy. License.
 
 

             Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 29, 2024.
            The case was heard by Georges, J.
            Esther J. Horwich for the petitioner.
            Jamie Michael Charles, Assistant District Attorney (Timothy Ferriter, Assistant District Attorney, also present) for the Commonwealth.
            KAFKER, J.  This case is before us on appeal from the decision of a single justice of the county court.  It concerns the same remedy question we address in Commonwealth v. Crowder, 495 Mass.     (2025), also decided today:  whether a new trial or entry of a required finding of not guilty is the appropriate remedy for defendants who were convicted under G. L. c. 269, § 10 (a), in the interim between the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022) (Bruen), and this court's decision in Commonwealth v. Guardado (Guardado I), 491 Mass. 666 (2023), S.C., 493 Mass. 1 (2023) (Guardado II), cert. denied, 144 S. Ct. 2683 (2024).  As in Crowder, we hold that a new trial is the appropriate remedy here and affirm the single justice's denial of the defendant's emergency petition for relief under G. L. c. 211, § 3.[1]
            1.  Background.  a.  Facts.  We recite the facts of this case as the jury could have found them.  Commonwealth v. Corey, 493 Mass. 674, 675 (2024).
            At around 9 P.M. on June 22, 2021, an on-duty Cambridge police officer, Donald Conrad, observed a black Mazda sedan traveling on Alewife Brook Parkway.  From roughly fifteen feet behind the Mazda, Conrad noticed that the sedan's rear license plate was not illuminated and not visible to him.  He then decided to effect a motor vehicle stop.
            As Conrad approached the pulled-over sedan, he observed three people inside:  the defendant, who was the driver; a male in the front passenger seat; and a female in the right rear passenger seat.  After determining that the sedan needed to be towed due to an expired registration, the officer removed the three occupants from the vehicle in order to conduct an inventory search in accordance with Cambridge police department policy.  Two additional officers arrived on scene to assist, and Conrad began to search the sedan as the three occupants stood on a nearby sidewalk.
            During the inventory search, Conrad found a bottle of tequila in the area of the front passenger seat and a box of ammunition in the back pocket of the front passenger seat.  The box contained twenty-eight "hollow point style" nine millimeter rounds.  Conrad alerted the two other officers to the presence of the ammunition, and the three of them handcuffed the three vehicle occupants.  Conrad then pat frisked the defendant and, after finding nothing of note, continued to inventory the sedan.[2]
            At around 9:15 P.M., after the ammunition was discovered in the sedan, Officers Miltiades Antonopoulos and Marcus Collins responded to a radio call requesting additional backup at the motor vehicle stop.  Shortly after arriving on scene, Antonopoulos, citing safety concerns, moved the three vehicle occupants, who remained handcuffed, from the sidewalk to a grassy area next to the roadway.  He then asked Collins to pat frisk the defendant again, directed another officer to pat frisk the male passenger, and called for a female officer to arrive and pat frisk the female passenger.[3]
            As Collins pat frisked the defendant, the defendant "was doing a lot of movements with his legs.  His left leg specifically was . . . going back and forth about a foot, repeatedly."  Collins did not find any contraband on the defendant but, after completing the patfrisk, observed that the defendant's "stance" was "abnormal."  While looking down at the defendant's left foot, which "was planted at an angle with his toes pointed away from his body," Collins noticed that the defendant was stepping on an object resembling the magazine of a firearm.
            Collins pulled the defendant to the side and realized the defendant had a "complete firearm" underfoot, rather than only a magazine.  He handed the firearm, a Ruger LC9s semiautomatic handgun with an extended magazine and a laser aiming device, to Antonopoulos.  After Antonopoulos showed Conrad the firearm discovered by Collins, Conrad read the defendant the Miranda warnings, which the defendant verbally confirmed he understood.
            When asked by Conrad to whom the gun belonged, the defendant told him to "let them go," in reference to the man and woman traveling with him in the sedan.  Conrad informed the defendant he could not let anybody go until he knew who owned the gun.  In response, the defendant stated, "It's mine."  Conrad then arrested the defendant.
            b.  Procedural history.  On June 23, 2021, a criminal complaint issued from the Cambridge Division of the District Court charging the defendant with one count of possession of ammunition without a license, in violation of G. L. c. 269, § 10 (h); one count of carrying a firearm without a license, in violation of G. L. c. 269, § 10 (a); and one count of carrying a loaded firearm without a license, in violation of G. L. c. 269, § 10 (n).  The defendant was also charged with one misdemeanor count of unlicensed operation of a motor vehicle, in violation of G. L. c. 90, § 10, and cited for two civil motor vehicle infractions pursuant to G. L. c. 90, §§ 6 and 9.  He was arraigned that day and pleaded not guilty to all charges and not responsible for the civil infractions.
            The defendant filed a motion to suppress, which was subject to a hearing on July 8, 2022, and was denied on August 3.  A jury trial commenced on August 11.  At trial, the Commonwealth elected to go forward only with the three felony counts.[4]
            On August 12, the jury found the defendant guilty of carrying a firearm without a license but returned verdicts of not guilty on the other two charges.  After denying the defendant's renewed motion for a required finding of not guilty, the trial judge imposed the statutory minimum sentence of eighteen months of incarceration in a house of correction.  Immediately after sentencing, the defendant filed a notice of appeal and moved for, but was denied, a stay of his sentence.
            Following his sentencing, the defendant filed, and appealed from the rulings on, numerous posttrial motions between November 2022 and April 2024.  Relevant to this appeal, six days after this court issued its decision in Guardado I in April 2023, the Appeals Court stayed the defendant's pending appellate proceedings[5] and granted him leave to file a motion for postconviction relief in the trial court pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  The trial court stayed the defendant's sentence on April 26 and released him on personal recognizance.
            In light of our October 2023 decision in Guardado II, 493 Mass. at 2, the defendant filed an amended motion to vacate his conviction and enter a required finding of not guilty pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), and Mass. R. Crim. P. 30 on November 6.  After a hearing, the trial judge denied the defendant's amended motion on November 27 and ordered a new trial.  The defendant filed a timely notice of appeal.
            In January 2024, the defendant filed a motion in the trial court to dismiss the case on double jeopardy grounds.  The trial judge denied the defendant's motion to dismiss after a hearing.  The defendant then filed a notice of appeal and an emergency petition for relief under G. L. c. 211, § 3, to the single justice of this court, which the Commonwealth opposed.  In April 2024, the single justice denied the defendant's petition for relief, and the defendant appealed.  Pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), the defendant filed a memorandum in this court, arguing that review of the trial judge's denial of his motion on double jeopardy grounds could not adequately be obtained on appeal from any final adverse judgment in a further trial or by other available means.  We agreed and ordered that the appeal from the single justice proceed to full briefing in the ordinary course.  That appeal is now before us.
            2.  Discussion.  "We review a single justice's denial of a petition under G. L. c. 211, § 3, for clear error of law or abuse of discretion."  Campbell v. Commonwealth, 494 Mass. 750, 752 (2024).  On issues of law, "we review the single justice's decision de novo."  Garcia v. Commonwealth, 487 Mass. 97, 101 (2021).  See TJR Servs. LLC v. Hutchinson, 495 Mass. 142, 144 (2024).
            Like the defendant in Crowder, 495 Mass. at    , this defendant was tried and convicted after the Supreme Court issued Bruen in June 2022 but before this court issued Guardado I in April 2023.  Although situated in a different procedural posture, the defendant's double jeopardy argument is virtually identical to that raised in Crowder and commands the same result.
            For all the reasons set forth in Crowder, we conclude that our decision in Guardado I, rather than the Supreme Court's decision in Bruen, effected the relevant legal change in the elements of the defendant's charge under G. L. c. 269, § 10 (a).  Under our prevailing jurisprudence at the time of the defendant's trial, the burden of production as to whether the defendant possessed a license to carry had not yet shifted to the Commonwealth.  The double jeopardy clause of the Fifth Amendment to the United States Constitution therefore does not bar retrial of the defendant.  Accordingly, the single justice's denial of the defendant's petition was not a clear error of law. 
            3.  Conclusion.  Retrial of the defendant on the charge of carrying a firearm without a license, in violation of G. L. c. 269, § 10 (a), does not violate the double jeopardy clause.  The single justice did not abuse his discretion or commit a clear error of law in denying the defendant's petition for relief under G. L. c. 211, § 3, on this basis.
Judgment affirmed.
 
footnotes

 
            [1] Although Natnael Zemene commenced this action by filing a petition in the county court, for convenience, we refer to him as the defendant.
            [2] At trial, Conrad testified that, after handcuffing the defendant, he "demanded to see [the defendant's] license to carry."  He did not, however, testify as to the defendant's response to this demand.
            [3] It is not clear from the record whether Antonopoulos or Collins was aware that, prior to their arrival on the scene, Conrad had already pat frisked the defendant. 
            [4] The Commonwealth moved to dismiss the misdemeanor charge for unlicensed operation of a motor vehicle, and the defendant was found not responsible for the two civil motor vehicle infractions.
            [5] The Appeals Court ultimately dismissed the defendant's pending appeal without prejudice.  See Commonwealth vs. Zemene, Appeals Ct., No. 2023-P-88 (Jan. 18, 2024).